IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA        *
                                *
v.                              *        Criminal No. WMN-01-464
                                *
EUGENE ERNST JACKSON            *
                                *
    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM AND ORDER

Before the Court is a motion, captioned "Defendant's Motion
to Have the Government Re-Offer Prior Plea Agreement," filed by
Eugene Ernst Jackson.  ECF No. 168.  Mr. Jackson seeks the
Government to re-offer a plea agreement that it allegedly
proposed in 2002, and for the Court to vacate his previously-
entered sentence in favor of the Government's proposed plea
agreement.  For the reasons stated herein, the motion will be
denied.

Mr. Jackson was convicted by a jury in 2002 of (1)
conspiracy to distribute and possess with intent to distribute
narcotics, and (2) distribution and possession with the intent
to distribute narcotics.  He was subsequently sentenced to life
imprisonment on July 19, 2002.  Since his conviction, Mr.
Jackson has filed various post-conviction motions seeking relief
from various alleged deficiencies in his trial proceedings,
including, but not limited to, assertions of ineffective
assistance of his trial counsel.  He now contends that he

1

recently discovered, as a result of a Freedom of Information Act ("FOIA") request submitted on February 25, 2013, that his trial counsel failed to inform him that the Government had offered "to indefinitely postpone all scheduled proceedings pending Plea Agreement."  ECF No. 168 at 2.  Mr. Jackson asserts that his counsel did not inform him of the possibility of a plea offer, but instead had stated that "there was no plea available for [him]."  Id.  He asserts that he did not learn of the possibility of a plea until he received the results of his FOIA request,[1] and that, "[b]ut for [trial counsel's] failure to convey the governments' [sic] plea offer the outcome of these proceedings would have been different."  Id.  Mr. Jackson seeks an evidentiary hearing on this matter, and requests that the Government re-offer his plea agreement pursuant to Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).[2]

Pursuant to 28 U.S.C. § 2255, a prisoner can, subject to a statutory limitations period, file one collateral review application in the district court challenging his or her conviction.  Judicial consideration of successive applications is restricted.  United States v. Winestock, 340 F.3d 200, 204

---

[1] Mr. Jackson does not specify when he received the FOIA information, only when he requested it.

[2] Lafler and Frye both concerned the effective assistance of counsel during the plea negotiation process.

(4th Cir. 2003).  A prisoner seeking to file a successive application in a district court "must first obtain authorization from the appropriate court of appeals."  Id. (citing 28 U.S.C.A. § 2244(b)(3)).  A prisoner may not, however, "evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application" simply by otherwise characterizing his request for relief.  Calderon v. Thompson, 523 U.S. 538, 553 (1998).  It is the subject matter, and not the title, of the motion which determines its status.  Id.  Thus, "a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications," as will "new legal arguments or proffers of additional evidence."  Winestock, 340 F.3d at 207.

Although not filed under 28 U.S.C. § 2255,[3] the Court must interpret Mr. Jackson's motion as a successive petition.  Mr. Jackson long-ago filed his first § 2255 petition, and he now seeks to attack the underlying validity of his criminal conviction through the alleged denial of a constitutional right.  Mr. Jackson does not contend that he has obtained leave from the Fourth Circuit Court of Appeals to file the present habeas petition.  In the absence of such authorization, this Court

---

[3] Mr. Jackson does not specify a statutory provision or rule of procedure under which his claim is raised.

lacks jurisdiction to consider an application challenging his underlying criminal conviction.  Id. at 204.

The United States Court of Appeals for the Fourth Circuit has set forth instructions to obtain the aforementioned authorization order.  The procedural requirements and deadlines are extensive.  Consequently, this Court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Mr. Jackson wish to seek authorization to file a successive petition.  It is to be emphasized that Mr. Jackson must file the request for authorization with the Fourth Circuit and obtain authorization to file his successive petition before this Court may examine his claims.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability ("COA") will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rouse v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. Daniel, 529 U.S. 473, 484 (2000)).  The denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving

4

such permission.  Here, although the Court expresses no opinion as to whether the petition may state a claim for denial of a constitutional right, the Court finds that the statutory rubric is clear that this Court lacks jurisdiction to consider Mr. Jackson's petition absent authorization from the Fourth Circuit. Therefore, a certificate of appealability will not issue.

Accordingly, it is this 19th day of June, 2014, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Defendant's Motion to Have the Government Re-Offer Prior Plea Agreement, ECF No. 168, is DENIED as a successive writ;

2. A Certificate of Appealability SHALL NOT ISSUE; and

3. The Clerk IS DIRECTED to MAIL a copy of this Order and the instructions and form packet for filing a motion under 28 U.S.C. § 2244 (authorization of District Court to consider second or successive application for relief) to Petitioner.

_____/s/_____
William M. Nickerson
Senior United States District Judge
